IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GEORGE C. ROWELL for
CLARA M. ROWELL,

    Plaintiff

VS.

JO ANNE B. BARNHART,
S.S. Commissioner,

    Defendant

NO. 5:05-CV-388 (CAR)

**SOCIAL SECURITY APPEAL**

**O R D E R**

GEORGE C. ROWELL ("Plaintiff") brings this action on behalf of his deceased wife CLARA M. ROWELL ("Claimant") after the Commissioner of Social Security partially denied Claimant's benefits under the Social Security Act, 42 U.S.C. § 423. His brief is captioned as a Motion to Remand. Tab #7. However, it is apparent from a review of this pleading that it is intended to address the substantive issues herein rather than seek an actual remand. In any event, to the extent that plaintiff's motion seeks a remand, the same is DENIED. The substantive issues are discussed and disposed of hereafter:

On April 20, 2000, Claimant filed an application for Disability Insurance Benefits, contending that she had become disabled when she suffered a stroke on June 15, 1997. After the Claimant died, Plaintiff exhausted all of the administrative remedies available to him; his claim is therefore properly before this court. Plaintiff ROWELL contends that substantial evidence does not support the Commissioner's decision that Claimant was not disabled between June of 1997[1] and December 31, 1999.

---

[1] The ALJ's decision in question did not consider any alleged disability before May 21, 1998, because of a "prior disability benefit application that was denied in a final and binding agency decision on May 20, 1998." Tr. at 12. The plaintiff did not object to the ALJ's decision on that issue, and neither party has briefed the issue of whether the ALJ should have revisited any alleged disability before May 21, 1998. Because the plaintiff did not object to the ALJ's determination of that issue, this court will not revisit that finding.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. 404.1 *et seq.*

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

## DISCUSSION

Claimant had a stroke in 1997 which resulted in physical limitations. However, she continued to work as a self-employed caterer from July of 1998 through December of 1999, reporting nearly $5000 in income in 1999. Tr. at 13.

The ALJ found that Claimant failed the first part of the test set forth in 20 C.F.R. § 404.1520, Appendix 1, Part 404, in that she continued to work through December 1999. There is substantial evidence in support of the Commissioner's decision, including the fact that in her Disability Report, Claimant submitted that she worked twelve hours per day twice a week at her catering job through December of 1999, earning $500 per month in the process. Tr. at 53. In opposition, Plaintiff presents only two letters from non-medical sources stating that Claimant could not work after her stroke. Tr. at 77 and 78. Those letters are insufficient to refute the evidence upon which the Commissioner based his decision. Because substantial evidence supports the ruling of the ALJ, the Commissioner's decision is AFFIRMED.

SO ORDERED, this 28th day of MARCH, 2007.



                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL
                                              UNITED STATES DISTRICT JUDGE